### UNITED STATES v. PENNSYLVANIA R. CO. et al.

(District Court, D. Maryland. November 18, 1921.)

1. **Clerks of courts** ⊂⇒54—**Entitled to commission on bonds deposited as bail.**
   Under Rev. St. § 828 (Comp. St. § 1383), the clerk of a District Court must charge a commission of 1 per cent. on the par value of Liberty Bonds deposited as bail.

2. **Clerks of courts** ⊂⇒54—**Not authorized to charge commission on costs paid.**
   A clerk of the District Court is not authorized to charge an additional 1 per cent. on costs paid in civil and criminal cases as a commission.

3. **Clerks of courts** ⊂⇒54—**Not authorized to charge commission to defendant on fine paid.**
   The clerk of a District Court *held* not authorized to add 1 per cent. to a fine imposed on a defendant as a commission, in view of the practice in force in the district for many years, of not charging a commission on money collected as fines.

At Law. Action by the United States against the Pennsylvania Railroad Company and others. On exception to clerk's taxation of costs. Sustained in part.

Judgment modified 283 Fed. 937.

Robert R. Carman, U. S. Atty., of Baltimore, Md.

Shirley Carter, of Baltimore, Md., for Pennsylvania R. Co.

ROSE, District Judge. These cases have to do with the construction and application of paragraph 17, section 828, of the Revised Stat-

utes (Comp. St. § 1383), making chargeable, as a clerk's fee, a commission of 1 per cent. on money received, kept, and paid out in pursuance of a statute or order of court. The questions raised have never before in this district been brought to the attention of the court. They come up now because, contrary to the former practice here, the clerk has felt constrained, in consequence of the insistence of the accounting officers of the Department of Justice, to charge 1 per cent. on (1) Liberty Bonds deposited as bail in lieu of cash under section 1320, Revenue Act 1919, 40 Stat. 1148 (Comp. St. Ann. Supp. 1919, § 3301a); (2) costs paid in civil and criminal cases; (3) fines imposed on offenders.

Section 828 dates back to the time when the entire compensation of the clerks came from the fees which the law authorized them to charge for the services they performed at the instance of suitors. They are now salaried officials, and all fees collected by them are turned into the treasury of the United States. It would seem that the government is now trying systematically to collect a number of charges which are so petty or the right to which seemed so doubtful as to have been overlooked by the needs or the avarice of the clerks so long as their receipts stayed in their own pockets. However, the difference of opinion has arisen, and must be passed upon. The right to the commission of 1 per cent. with reference to each class of case will be considered in the order in which they have been stated.

[1] 1. When one pays cash bail into court, it puts upon the clerk the responsibility of keeping it safely and paying it out to the person entitled to it. In other words, such moneys are like other funds which come into the registry of the court, and the 1 per cent. commission is properly chargeable on sums put up as cash bail. In its more natural import, the language of the fee bill in question would have no reference to Liberty or other bonds deposited with the clerk. On the other hand, it is probably true that it causes the clerk less trouble to handle cash than it does Liberty Bonds, and perhaps there is a trifle more risk. It has been decided by the Circuit Court of Appeals for the Seventh Circuit, in McGovern v. United States, 272 Fed. 262, that the commission is chargeable on such bonds. I have no such strong conviction to the contrary as would justify my declining to follow that decision. So much of the exception of Vincenti et al. in the case of the United States against them, to the clerk's taxation of costs, as concerns itself with the charge of 1 per cent. on the par value of Liberty Bonds deposited as bail, is therefore overruled.

[2] 2. The exception in that and other cases to the clerk's taxation of an additional 1 per cent. on the costs should be sustained. The clerk's fees are prescribed by the very section of the Revised Statutes in question, and the fees of other government officers, included in the costs, are regulated by other sections. When these fees were fixed, they were to compensate the officer himself, and the 1 per cent. was something the clerk was to get and to retain. If the commission is to be charged on costs, the effect would be to increase by 1 per cent. all the other charges in the other paragraphs in the same section. For example, when the statute said, "For making dockets and indexes,

taxing costs and all other services in a cause where issue is joined but no testimony is given, $2.00," it meant, I think, $2, and not, as the government's present contention would have it mean, $2.02.

[3] 3. There is a closer question as to whether, when the defendant is sentenced to pay a fine and costs, the commission of 1 per cent. on the amount of the fine is properly chargeable against him as part of the costs. When the fees went to the clerk, it was his practice, where he had collected a fine, to charge 1 per cent. thereon to the government for collecting, keeping, and paying over its amount. In this district, such fee was never charged the defendant, unless he was also required to pay the costs, and, for 15 years or more, not even then. Occasions upon which the costs were imposed on a criminal offender were formerly rare. In those days there were not many petty offenses dealt with by the federal courts here. A very large proportion of convicted offenders were given prison sentences, and in such cases the court seldom exercised its discretion of requiring the defendant to pay the costs. Nowadays the matter has become of very much greater importance, and it is very likely that more fines than prison sentences are imposed. In most of such cases, it is altogether proper that the defendant should pay the government at least the taxable costs of the prosecution, and in most instances he is amply able to do so. It so happens, however, that these costs, in this state, at least, are heavier in the federal than in the state courts. They appear to be quite large enough, and I do not feel justified in ignoring the practice which has existed now for more than a decade and a half. Until this time, the government has never challenged it, and it would seem that the statute has received a practical construction which it is now too late to change. Then, too, occasionally the court imposes the maximum fine permitted by statute. Can that fine be in effect increased by requiring the defendant, as part of the costs, to pay 1 per cent. more upon it?

But, in addition to all this, is the service of collecting a fine from the prisoner and turning it over to the United States one rendered to him? It is quite certain that he does not think it is. It is true that that is not a sure test. In former days, he had to pay jail fees, etc., and, if my memory serves me right, those of the hangman as well; but the modern trend of feeling and legislation does not look kindly on such practices. Anything which tends to lower the position of the courts in the estimation of those who have business with them is to be deprecated. They will not be thought any better of, if they are made the instruments of collecting such petty charges.

I therefore sustain the exception to the clerk's taxation as against defendants of a commission of 1 per cent. upon fines paid by offenders against the law.